IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AARON NELSON; ABIGAEL ROANN B. ) | CIV. NO. 23-00603 HG-WRP |
| RANADA; ADRIANNE VAKAUTA;        ) | |

AARON NELSON; ABIGAEL ROANN B. )   CIV. NO. 23-00603 HG-WRP
RANADA; ADRIANNE VAKAUTA;       )
ALICIA OKUMURA; ALISSA PACARRO )
TUUMALO; ALVIN REINAUER; AMANDA)
LOPEZ; ANDREW DIAGO; ANDREW     )
WOLCOTT; ANGELA IRIS REICH;     )
ARIELLE CASSADY; ASHLYNNE       )
QUINSAAT; AYUMI Y. SIEVERTS;    )
BARBARA JEAN VIDINHA RICHARDS; )
BRENT BARGAMENTO; BRIAHNI'      )
MARIE ATISANOE; BRIDGET TULLY; )
BRIDGETT ZINCHUK; BRITTANY K.   )
REGO-RODRIGUES; BROOKS          )
FUJIHARA,JR.; BRYAN DAGUIO;     )
CANDACE KRISTINE VIZCARRA       )
(GUTIERREZ); CARLA ESTIAMBA;    )
CAROL LAMSE; CHACY R. EVELAND   )
III; CHAD MAKAIAU; CHARELLE     )
BEDFORD; CHELSEA MIHM; CHELSEA )
TEHANE WILLIAMS; CHRISTINA      )
OLIVE; CHRISTINE GOTO;          )
CHRISTMASEDNA STARKS (TUIFAGU);)
CHRISTOPHER BARBOZA;            )
CHRISTOPHER KAM; CINDY BURT;    )
COLLEEN GOTO; CRYSTAL K.E.      )
ALLEN; CYNDI R. MAYO-AKEO;      )
DANIELLE OLVERA; DARIN K.       )
MATSUNO; DAVID FISCHER; DAVID   )
KURIHARA; DEAN SATO; DEBORAH    )
STALCUP; DEREK ICHIYAMA; DIANE )
VENTIMIGLIA; DINA ANGELES;      )
DOMINIQUE RANDAZZO; DORI        )
YAMADA; DOROTHY TAPPY-HIGA;     )
DWAYNE TUZON; ELISA THURMAN-    )
BEY; ELIZA KAHAWAII; ELIZABETH )
BACHRAN; ELIZABETH CHAPTON;     )
ELIZABETH STOUDT; ERIK BARTON; )
FELISHALYN MILLER; GEOFFREY     )
HANSON; GERALD W. SAN CLEMENTE;)
HEATHER LAFI; HEIDI CALA; HELEN)
Y. SALVANI; JACQUELINE ANN      )
LOVIN-YAP; JAMES CABODOL, JR.; )
JAMES EVERTS; JANICE KIM; JASON)
AKINA; JEFFREY P. ARANYOS; JENA)
ZARRO; JENNIFER SHIMATSU; JODI )
YOKOYAMA; JODY GOYA; JOHN P.K. )

```
BOURGEOUIS; JOHN PREGIL, JR.;    )
JON KATAHARA; JONATHAN OPIE;     )
JOSEPH CASSADY; JOSIAH BURBAGE;  )
JOVAN LAFONTAINE; JOY GARY; JOY  )
SATELE; KANANI TABURA; KARLA L.  )
DIAS WONG; KATHLEEN M. SWEET;    )
KAWAHINEHA'AHEO KEOLANUI;        )
KE'ALAONALEHUA R. SOUZA;         )
KEHAUNANI MITSUKO KELIINOI       )
REIS; KEKAIKAHE'ELANI OLIVER;    )
KELLEE SMITH; KELLIE LUKE;       )
KELLY YOUNG; KEOKI EDWIN K.      )
LIFTEE-KAU; KIANNA CHUN;         )
KIMBERLY TUZON; KORY PUTT;       )
KRISTA ALVAREZ; LANI PRIMACIO;   )
LEIHAAHEO DIAS; LEILANI M.       )
SOON; LILINOE KAHALEPAUOLE-      )
BUSTAMANTE; LINDA V. AU; LORI    )
SEBASTIAN; LYLE PURUGGANAN;      )
MAILE HERNANDEZ; MAILE M.        )
HUSSEY; MARC NISHIMURA;          )
MARIANNE MATA; MEDA J. WASHBURN  )
TAKETA; MEGAN SKWIERCZYNSKI;     )
MEGUMI KEAN; MEHANA SALVANI;     )
MERRIBETH IONA; MICHAEL          )
ANDERSON; MICHAEL RYAN; MICHELE  )
TANABE; MICHELLE NOLTIE;         )
MIKIALA AKAU; MILA PALENCIA;     )
MISTY CARVER; MITCHELLE CARINO;  )
MONICA D. SMITH; MORIAH GOSNEY;  )
NALEISHA LUCRISIA; NANETTE       )
SILVA; NICOLE HENRY; NICOLE      )
WIEDEMANN; PATRICIA CASTRO;      )
PENELOPE GEBAUER; PHILLIP        )
ROTHER; PONO ROBACK; PULELEHUA   )
KNIGHT; RAELYNN BROAD-KELA;      )
RANETTE BAUTISTA; RONIN BURKE;   )
SARAH PARKER; SATCHADANANDA      )
SLADE; SCOTT FONG, JR.; SEAN     )
RODRIGUES; SETEMA SAGAPOLUTELE;  )
SHANA M. STALCUP; SHANNON        )
JACKSON; SIONA TEJADA; STEPHEN   )
DANGERFIELD; TATIANA JOHNSON;    )
TAUARII NAHALEA-MARAMA; TERRI    )
MEDEIROS; TERRY YAMADA GILLEN;   )
THECLA TAYLOR; THEODORA AUWAE;   )
TORI DAGUIO; TRACI MILLER-       )
TRUONG; TRACIE RYAN; TRACY       )
BEAN; TRACY SNOOPS; TRAVIS       )
SMITH; URSULA BARTON; UTUMOE     )
```

2

```
PADILLA; WAINANI YOUNG; WILLIAM)
K. YOKOYAMA; WINNIE MENDIOLA;  )
ZARINA KAMA,                   )
                               )
             Plaintiffs,       )
                               )
        vs.                    )
                               )
HAWAIIAN AIRLINES, INC.;       )
HAWAIIAN HOLDINGS, INC.,       )
                               )
             Defendants.       )
_____)
```

**ORDER GRANTING DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN
HOLDINGS, INC.'S MOTION TO DISMISS WITH LEAVE TO AMEND
(ECF No. 44)**

Plaintiffs are 162 individuals who have filed suit against
their employer or former employer Defendants Hawaiian Airlines,
Inc. and Hawaiian Holdings, Inc. ("the Hawaiian Airlines
Defendants").

The lawsuit is related to the Hawaiian Airlines Defendants'
implementation of a vaccination policy in August 2021, in the
midst of the worldwide COVID-19 pandemic.

The 162 individual Plaintiffs have elected to file one mass
action complaint that is nearly 400 pages long rather than file
an individual complaint for each person.

The First Amended Complaint identifies two groups of
Plaintiffs: "Religious Plaintiffs" and "Disability Plaintiffs."

First, there are four counts of religious discrimination in
violation of Title VII of the Civil Rights Act of 1964 based on
theories of failure to accommodate; disparate treatment;
disparate impact; and retaliation.

3

Second, there are four counts of disability discrimination in violation of the Americans With Disabilities Act of 1990 based on theories of disparate treatment and failure to accommodate; retaliation; disparate impact; and perceived disability discrimination.

The Hawaiian Airlines Defendants filed a Partial Motion to Dismiss. In their Motion, Defendants have identified 30 of the 162 Plaintiffs that they allege have failed to plausibly state a claim for religious discrimination based on a failure to accommodate in violation of Title VII of the Civil Rights Act of 1964.

Specifically, the Hawaiian Airlines Defendants assert that the 30 Plaintiffs have not stated sufficient facts about the purported conflict between their religious beliefs and the Defendants' COVID-19 policies.

DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.'S MOTION TO PARTIALLY DISMISS FIRST AMENDED COMPLAINT (ECF No. 44) is **GRANTED.**

Plaintiffs are given **LEAVE TO AMEND** consistent with the rulings set forth in this Order.

## PROCEDURAL HISTORY

On December 15, 2023, Plaintiffs filed a Complaint. (ECF No. 1).

On April 3, 2024, Plaintiffs filed a First Amended

4

Complaint.  (ECF No. 23).

On July 19, 2024, the Hawaiian Airlines Defendants filed a Motion to Partially Dismiss First Amended Complaint.  (ECF No. 44).

On August 15, 2024, Plaintiffs filed their Opposition.  (ECF No. 47).

On September 6, 2024, the Hawaiian Airlines Defendants filed their Reply.  (ECF No. 48).

The Court elects to decide the Motion without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

**According to the First Amended Complaint:**

Plaintiffs are employees or former employees of the Hawaiian Airlines Defendants.  (First Amended Complaint ("FAC") at ¶ 2, ECF No. 23).

In the Spring of 2020, the novel coronavirus SARS-CoV-2, known as "COVID-19," spread rapidly throughout the world.  (Id. at ¶ 29).  In response, the Hawaiian Airlines Defendants began implementing mitigation procedures for their workforce, including providing personal protective equipment such as masks and gloves. (Id. at ¶ 30).

On December 1, 2020, the United States Food and Drug Administration issued an Emergency Use Authorization for the Pfizer-BioNTech vaccine to prevent the further spread of COVID-

19.  (Id. at ¶ 31).  One week later, the Moderna COVID-19 vaccine received Emergency Use Authorization.  (Id.)  Additional vaccines were subsequently approved for use.  (Id.)

On September 17, 2021, the Hawaiian Airlines Defendants published their vaccination policy, which required all employees to be vaccinated for COVID-19 by January 30, 2022.  (Id. at ¶ 39).

According to Plaintiffs, "[a]lternatively, unvaccinated employees were given the option to be placed on a one-year involuntary leave of absence."  (Id. at ¶ 41).  "[The Hawaiian Airlines Defendants] also said that it would offer a 'testing' option during the months of November, December, and January for those who did not want to take the vaccination but would like more time to consider their decision" but according to Plaintiffs, the Hawaiian Airlines Defendants informed them that "the testing option would only be temporary."  (Id. at ¶¶ 42-43).

The Hawaiian Airlines Defendants allowed employees to request accommodations from receiving the COVID-19 vaccination for religious and/or health reasons.  (Id. at ¶ 48).  Defendants offered employees standard forms that could be completed and returned to their Human Resources Department by October 1, 2021.  (Id. at ¶¶ 67, 70).

Plaintiffs claim they were denied reasonable accommodations from the Hawaiian Airlines Defendants' vaccination requirement.

The Hawaiian Airlines Defendants assert that 30 of the 162

Plaintiffs in the First Amended Complaint have failed to plausibly plead a claim for religious accommodations because they have not identified any conflict between the vaccination policy and their religious beliefs.

Plaintiffs oppose the Motion to Dismiss and request that the Court review evidence that they attached to their Opposition.

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

### I.   The Court May Not Consider Evidence On A Motion To Dismiss

As an initial matter, it is well-settled that district courts generally may not consider material outside of the complaint when assessing the sufficiency of the pleadings to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018).  There are two exceptions to the rule: (1) the incorporation-by-reference doctrine and (2) judicial notice pursuant to Federal Rule of Evidence 201.

Pursuant to the incorporation-by-reference doctrine, a defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document in the pleading or the document forms the basis of plaintiff's claim. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). Incorporation-by-reference is a judicially created doctrine that

allows a court to consider certain documents as though they are part of the complaint itself.  Khoja, 899 F.3d at 1002.

The Ninth Circuit Court of Appeals has explained that the mere mention of the existence of a document is insufficient to incorporate the contents of a document into the allegations in the complaint.  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

In their Opposition, Plaintiffs have attached 21 separate exhibits consisting of multiple pages.  Plaintiffs request that the Court review all of the attached evidence to determine whether they have sufficiently pleaded a claim.  The evidence consists of correspondence between Plaintiffs and the Defendants regarding their requests for accommodations.

The exhibits attached to the Opposition are not incorporated by reference and are not considered as part of the First Amended Complaint.  Khoja, 899 F.3d at 1002; Coto Settlement, 593 F.3d at 1038.  In this case, the Plaintiffs elected to file their Complaint as a mass action on behalf of 162 individual Plaintiffs.  The First Amended Complaint does not incorporate by reference each of the 162 individual's requests for accommodations from Defendants.  Plaintiffs cannot seek to circumvent the pleading requirements of Iqbal and Twombly by attaching evidence to their Opposition that they believe supports their claims.  Plaintiffs must provide sufficient facts to plausibly state a claim without relying on external evidence.

## II.  The Plausibility Pleading Standard Set Forth In Iqbal/Twombly Applies

In their Opposition, Plaintiffs appear to argue that the plausibility standard for pleading a claim in federal court set forth by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) does not apply.

Plaintiffs instead cite to a 2002 United States Supreme Court case, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), for the proposition that a plaintiff need not plead specific facts to allege a discrimination claim under Title VII of the Civil Rights Act of 1964.  (Pl.'s Opp. at p. 7, ECF No. 47).

Plaintiffs are incorrect.  Notice pleading in federal court no longer applies.  It is well-established in the Ninth Circuit that the allegations in a complaint must be "sufficiently detailed" to give fair notice to the opposing party of the nature of the claim.  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  The allegations must also be "sufficiently plausible" such that it is not unfair to require the opposing party to be subjected to the expense of discovery.  Id.

Swierkiewicz is no longer a valid pleading standard. See Gage v. Mayo Clinic, 707 F.Supp.3d 870, 877-78 (D. Ariz. 2023); Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d. Cir. 2009) (finding that the United States Supreme Court's holdings in Twombly and Iqbal overruled its prior ruling in Swierkiewicz).

10

## III. Religious Accommodation Pursuant To Title VII Of the Civil Rights Act of 1964

The Hawaiian Airlines Defendants' Partial Motion to Dismiss is limited to 30 of the 162 individual Plaintiffs.

Defendants' Partial Motion to Dismiss is also limited to Plaintiffs' claims based on purported failures to accommodate Plaintiffs' religious beliefs pursuant to Title VII of the Civil Rights Act of 1964.  The Motion does not address Plaintiffs who have alleged claims pursuant to the Americans With Disabilities Act of 1990.

The claims subject to the Hawaiian Airlines Defendants' Motion are claims brought pursuant to Title VII of the Civil Rights Act of 1964, which makes it unlawful for an employer to discharge an employee because of his or her religion.  42 U.S.C. § 2000e-2(a)(1).  Specifically, the claims at issue here are claims premised on the Hawaiian Airlines Defendants' purported failure to accommodate certain Plaintiffs' religious beliefs.

### A.   Failure To Accommodate Claims Evaluated Under A Two-Part Test

Failure to accommodate claims premised on a plaintiff's religious beliefs are analyzed using a two-part, burden-shifting framework.  Tiano v. Dillard Dep't Stores, Inc., 139 F.3d 679, 681 (9th Cir. 1998).

First, a plaintiff must plead a prima facie case of failure to accommodate based on his religious beliefs.  Id.

11

Second, if an employee articulates a prima facie case, the burden shifts to the employer to show that it could not accommodate the employee without undue hardship on the conduct of the employer's business.  Id.; see 29 C.F.R. § 1605.2(e) (defining undue hardship).

An undue hardship defense also precludes liability premised on any alleged failure to engage in the interactive process to determine a reasonable accommodation in the context of a Title VII discrimination claim.  McGinn v. Haw. Symphony Orchestra, F.Supp.3d   , 2024 WL 1348639, *14 (D. Haw. Mar. 29, 2024).

### B.    Plaintiff Must First Establish A Prima Facie Case Of Failure To Accommodate

To assert a prima facie claim for failure to provide a religious accommodation pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff must allege that:

(1)  he has a bona fide religious belief, the practice of which conflicts with an employment duty;

(2)  he informed his employer of the belief and conflict;

(3)  the employer subjected him to an adverse employment action because of his inability to fulfill a job requirement.

Peterson v. Hewlett-Packard Co., 358 F.3d 599 , 606 (9th Cir. 2004).

A plaintiff's religious belief need not be consistent nor rational to be protected by Title VII of the Civil Rights Act of 1964.  Keene v. City & Cnty. of San Francisco, 2023 WL 3451687,

at *2 (9th Cir. May 15, 2023).

In evaluating a failure to accommodate claim, the courts do not second-guess the reasonableness of a plaintiff's religious beliefs.  Bolden-Hardge v. Office of the Cal. State Controller, 63 F.4th 1215, 1223 (9th Cir. 2023).  A plaintiff, however, must provide sufficient allegations to state the actual conflict between his religious beliefs and the employment duty.  Id.

The Ninth Circuit Court of Appeals has explained that a plaintiff must do more than simply provide conclusory allegations that there is a conflict with his religious beliefs in order to state a claim.  Id. (citing Oklevueha Native Am. Church of Haw., Inc. v. Lynch, 828 F.3d 1012, 1016-17 (9th Cir. 2016)).  The plaintiff must allege sufficient facts to demonstrate an actual conflict with his religious beliefs in order to state a claim. Id.

**IV.  Conclusory Allegations That A Plaintiff's Religious Beliefs Conflict With An Employment Duty Are Insufficient To State A Claim**

The Hawaiian Airlines Defendants have identified 30 Plaintiffs in the First Amended Complaint who they argue have failed to state a claim.  The Court here addresses them in three separate categories:

First, the first collection of twelve Plaintiffs includes John Paul Kalei Bourgeois; Stephen Dangerfield; Pulelehua Knight; Scott Fong, Jr.; Andrew Wolcott; Mitchelle Carino; Travis Smith;

Lyle Purugganan; Brooks Fujihara, Jr.; James Robert Cabodol, Jr.; Kellee Smith; and Adrianne Vakauta.  As to these twelve Plaintiffs, the First Amended Complaint provides generalized allegations about Christianity that fail to state an actual conflict between Plaintiffs' beliefs and the employer's vaccination policy.

Second, the second category includes nine Plaintiffs: Alicia Okumura; Ronin Burke; Sean Rodrigues; Michelle Tanabe; Lani Primacio; Kianna Chung; Bridget Lokelani Tully; Tracy Snoops; and Tracy Yamada Gillen.  For these nine Plaintiffs, the First Amended Complaint does not identify their religion or their religious beliefs at all.

Third, the third category includes nine additional Plaintiffs: Crystal Allen; Kellie Nalani Luke; Christopher Barboza; Derek Ichiyama; Mikiala Akau; Tatiana Johnson; Brittany Rego-Rodrigues; Aaron Nelson; and Colleen Goto.  For this group of nine Plaintiffs, the First Amended Complaint contains generalized, conclusory allegations about their beliefs that their "body is temple" that are insufficient to state a religious accommodations claim.

**A.   Plaintiffs Must Allege The Conflict Between Their Religious Beliefs And The Vaccination Policy And Merely Stating That They Are "Christians" Is Insufficient To State A Claim**

Twelve of the 162 Plaintiffs (John Paul Kalei Bourgeois; Stephen Dangerfield; Pulelehua Knight; Scott Fong, Jr.; Andrew

Wolcott; Mitchelle Carino; Travis Smith; Lyle Purugganan; Brooks Fujihara, Jr.; James Robert Cabodol, Jr.; Kellee Smith; and Adrianne Vakauta) state that they are Christians who requested an accommodation from the Defendants' vaccine policy based on their religious beliefs.  (FAC at ¶¶ 120, 129, 140, 142, 152, 155, 158, 212, 215, 244, 268, 278, ECF No. 23).

Numerous district courts in the Ninth Circuit have held that "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations."  Kather v. Asante Health Sys., 2023 WL 4865533, at *3 (D. Or. July 28, 2023); see Gage v. Mayo Clinic, 2023 WL 3230986, at *2-*3 (D. Ariz. May 3, 2023).

The twelve Plaintiffs identify as Christian but "fail to explain how practicing [their] Christian beliefs actually conflicted with the employment requirement to take the COVID-19 vaccine."  Kamrath v. Addictions Recovery Ctr., Inc., 2024 WL 942092, *2 (D. Or. Mar. 5, 2024).  General references to Christianity do not meet the fairly minimal burden at the pleading stage to demonstrate an actual conflict with an employer's vaccination requirement.  Id.; see also Moli v. King Cnty., 2024 WL 1860184, *3-*4 (W.D. Wash. Apr. 29, 2024).

As explained by the Court in Bartholomew v. State of Washington, 693 F.Supp.3d 1107, 1114 n.4 (W.D. Wash. 2023), "considering that not all Christian denominations may maintain the same beliefs, stating that one is a Christian does not

identify the bona fide religious belief that conflicts with an
employment requirement."

Plaintiffs John Paul Kalei Bourgeois, Stephen Dangerfield,
Pulelehua Knight, Scott Fong, Jr., Andrew Wolcott, Mitchelle
Carino, Travis Smith, Lyle Purugganan, Brooks Fujihara, Jr.,
James Robert Cabodol, Jr., Kellee Smith, and Adrianne Vakauta are
given **LEAVE TO AMEND** to state sufficient allegations to explain
their religious beliefs and how practicing them actually
conflicted with their employment duties.

> **B.    Plaintiffs Must Identify Their Religious Beliefs
> Because Generalized Opposition To Vaccination Is
> Insufficient To State A Title VII Claim**

An employee's complaint must provide sufficient information
about the nature of the employee's religious beliefs in order to
state a claim for Title VII religious discrimination.
Bartholomew, 693 F.Supp.3d at 1114.

Nine of the 162 Plaintiffs (Alicia Okumura; Ronin Burke;
Sean Rodrigues; Michelle Tanabe; Lani Primacio; Kianna Chung;
Bridget Lokelani Tully; Tracy Snoops; and Tracy Yamada Gillen)
provide mere threadbare allegations that they were denied
religious accommodations.  The nine Plaintiffs fail to even
identify their religion in the First Amended Complaint.  They do
not state what their religious beliefs are or how they are
actually in conflict with the Defendants' policy.  (FAC at ¶¶
132, 160, 193, 205, 245, 251, ECF No. 23).

The requirement that Title VII plaintiffs asserting religious discrimination provide more than a recitation of the elements of a prima facie case "is not an empty formalism." Medlin v. Peacehealth, 2024 WL 712692, *3 (D. Or. Feb. 21, 2024) (quoting Gamon v. Shriners Hosp. for Children, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). Courts must ensure that a plaintiff's claim is truly religious in nature because Title VII of the Civil Rights Act of 1964 does not protect secular preferences. See Bordeaux v. Lions Gate Entertainment, Inc., 703 F.Supp.3d 1117, 1132-33 (C.D. Cal. 2023) (citing Mason v. Brown Cent. Sch. Dist., 851 F.2d 47, 51-52 (2d Cir. 1988)).

The United States Equal Employment Opportunity Commission ("EEOC") provided guidance to employers navigating claimed religious exemptions to COVID-19 vaccination policies, and it explained that "although Title VII prohibits employment discrimination based on religion, an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the ground that the employee's belief is not truly religious in nature." Doe v. San Diego Unified Sch. Dist., 19 F.4th 1173, 1180 (9th Cir. 2021).

Objections to the COVID-19 vaccine that were purely based on social, political, or economic views, or personal preferences, or other nonreligious concerns are not protected by Title VII. See Ruscitti v. Legacy Health, 2023 WL 8007620, *2 (D. Or. Sept. 27, 2023).

Plaintiffs Alicia Okumura, Ronin Burke, Sean Rodrigues, Michelle Tanabe, Lani Primacio, Kianna Chung, Bridget Lokelani Tully, Tracy Snoops, and Tracy Yamada Gillen have not provided sufficient allegations to demonstrate that they had bona fide religious beliefs and that the practice of such beliefs actually conflicted with their employment duties.  Their conclusory allegations that they had unidentified religious views and that such views conflicted with Defendants' vaccination policy are insufficient to state a claim.  Gamon, 2023 WL 7019980, at *2 (collecting cases).

Plaintiffs Alicia Okumura, Ronin Burke, Sean Rodrigues, Michelle Tanabe, Lani Primacio, Kianna Chung, Bridget Lokelani Tully, Tracy Snoops, and Tracy Yamada Gillen are given **LEAVE TO AMEND** to state sufficient allegations to explain their religious beliefs and how practicing them actually conflicted with their employment duties.

### C. Generalized Allegations About Bodily Integrity Are Insufficient To State A Religious Accommodations Claim Pursuant To Title VII Of the Civil Rights Act of 1964

In addition to the 21 Plaintiffs who have only provided conclusory allegations about their religious beliefs, the Hawaiian Airlines Defendants have identified nine additional Plaintiffs who have made conclusory allegations based on beliefs about "bodily integrity" or beliefs that their "body is a temple."

The nine Plaintiffs (Crystal Allen; Kellie Nalani Luke; Christopher Barboza; Derek Ichiyama; Mikiala Akau; Tatiana Johnson; Brittany Rego-Rodrigues; Aaron Nelson; Colleen Goto) generally claim that their bodies are created by God, that their "bodies are a temple," or that God provides all health and healing.  (FAC at ¶¶ 123, 124, 137, 146, 153, 186, 191, 206, 279, ECF No. 23).

Based on the conclusory allegations, the Court is unable to determine whether the nine Plaintiffs' claims are actually religious.

The nine Plaintiffs have not specifically identified their belief systems and have not identified any element of their religious belief systems that conflicted with Defendants' vaccination policies.  Craven v. Shriners Hospitals for Children, 2024 WL 21557, *3 (D. Or. Jan. 2, 2024).  Bald allegations that vaccination would violate a plaintiff's religious beliefs are insufficient to state a claim.  McCune v. Asante Rogue Regional Med. Ctr., 2024 WL 3290348, *4-*5 (D. Or. Jul. 3, 2024); Bulek v. Kaiser Foundation Hospitals, 2024 WL 1436134, *3 (D. Or. Apr. 3, 2024).

In Riser v. St. Charles Health Systems, Inc., 2024 WL 2864405, *4 (D. Or. Jun. 6, 2024), a plaintiff alleged that she believed that "the COVID-19 vaccine violates the command to offer her body as a living sacrifice to God and violates God's command not to contaminate her body."  The district court ruled that the

plaintiff's vague references to God and Christianity were insufficient to state a claim based on a failure to accommodate her religious beliefs.  Id.  The district court further reasoned that it appeared that the plaintiff's reasoning was not actually religious or based on the Bible or another religious tenet but based on a medical judgment that vaccines were harmful.  Id. at *5.

Just as in Riser, several of the nine Plaintiffs here made vague references to Christianity in their claim that their "body is a temple," but as explained above, such vague references are insufficient to state a claim for religious accommodation. Kather, 2023 WL 4865533, at *3; see Gage, 2023 WL 3230986, at *2; Kamrath, 2024 WL 942092, at *2; Bartholomew, 693 F.Supp.3d at 1114 n.4.

Plaintiffs' conclusory allegations that they refused vaccination because of their beliefs about bodily integrity are insufficient to determine whether there was an actual conflict with a religious belief or if the Plaintiffs were motivated by a medical or healthy living practice.  Thornton v. Ipsen Biopharm., Inc., 2023 WL 7116739, at *4 (D. Mass. Oct. 26, 2023).

The nine Plaintiffs have not provided sufficient facts to determine the conflict with their religious beliefs, to evaluate if their religious beliefs prevent them from receiving any medical treatment at all, or to understand the tenet of their beliefs that allegedly prevents them from receiving the

particular COVID-19 vaccinations at issue in this case.

As explained by the District Court in Moli v. King County, 2024 WL 1860184, *4 (W.D. Wash. Apr. 29, 2024), "[w]hile the Court fully credits [their] belief that [their] body is to be cherished and protected as a reflection of and temple to [their] deity, there is no indication that this belief compels [them] to reject any particular medical intervention, injection, or foreign substance." Here, there are no particular facts to describe the actual conflict between the Plaintiffs' religious beliefs and the vaccinations at issue. See Weiss v. Permanente Med. Group, Inc., F.Supp.3d  , 2024 WL 4353006, *4 (N.D. Cal. Sept. 30, 2024) (explaining that generic explanations of a religious conflict are insufficient to state a claim because they would result in a limitless excuse for avoiding all unwanted obligations).

Both the Court and the Defendants are left guessing as to the basis for Plaintiffs' religious beliefs and the actual conflict given their bare recitals about bodily integrity. Id. Without sufficient facts, it is not clear that Plaintiffs' anti-vaccination beliefs are religious in nature and are actually protected by Title VII of the Civil Rights Act of 1964. Trinh v. Shriners Hosps. for Children, 2023 WL 7525228, * 10 (D. Or. Oct. 23, 2023).

Plaintiffs Crystal Allen, Kellie Nalani Luke, Christopher Barboza, Derek Ichiyama, Mikiala Akau, Tatiana Johnson, Brittany Rego-Rodrigues, Aaron Nelson, and Colleen Goto are given **LEAVE TO**

**AMEND** to state sufficient allegations to explain their religious beliefs and how practicing them actually conflicted with their employment duties.

## CONCLUSION

DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.'S MOTION TO PARTIALLY DISMISS FIRST AMENDED COMPLAINT (ECF No. 44) is **GRANTED**.

Plaintiffs are given **LEAVE TO AMEND** consistent with the rulings set forth in this Order.

**LEAVE TO AMEND**:

Plaintiffs are given **LEAVE TO AMEND** and may file a Second Amended Complaint on or before **Monday, December 16, 2024**.  The Second Amended Complaint must conform to the rulings contained in this Order.

Plaintiffs' Second Amended Complaint is limited to the causes of action that were dismissed with leave to amend pursuant to this Order.  Plaintiffs may not allege any new causes of action.

Plaintiffs John Paul Kalei Bourgeois, Stephen Dangerfield, Pulelehua Knight, Scott Fong, Jr., Andrew Wolcott, Mitchelle Carino, Travis Smith, Lyle Purugganan, Brooks Fujihara, Jr., James Robert Cabodol, Jr., Kellee Smith, Adrianne Vakauta Alicia Okumura, Ronin Burke, Sean Rodrigues, Michelle Tanabe, Lani Primacio, Kianna Chung, Bridget Lokelani Tully, Tracy Snoops, and Tracy Yamada Gillen Crystal Allen, Kellie Nalani Luke, Christopher Barboza, Derek Ichiyama, Mikiala Akau, Tatiana Johnson, Brittany Rego-Rodrigues, Aaron Nelson, and Colleen Goto are given **LEAVE TO AMEND** to state sufficient allegations to explain their religious beliefs and how practicing them conflicted with their employment duties.

The First Amended Complaint is 391 pages long and contains allegations for 162 different, individual Plaintiffs.  Thirty of the Plaintiffs have not provided sufficient facts to state a religious accommodations claim.  Given the complexity of the case and the length of the First Amended Complaint, Plaintiffs may not attach evidence to the Second Amended Complaint in an attempt to

cure the deficient pleading as to some of the Plaintiffs.  The
Court will not allow pleading by incorporation or by exhibit in
an attempt to circumvent the plausibility pleading standard set
forth in <u>Twombly</u> and <u>Iqbal</u>.

Plaintiffs must allege sufficient facts in the Second Amended
Complaint to plausibly state a claim for each individual
Plaintiff.

Failure to file a Second Amended Complaint on or before Monday,
December 16, 2024, will result in automatic dismissal with
prejudice of the 30 identified Plaintiffs' religious
discrimination claims pursuant to Title VII of the Civil Rights
Act of 1964.

     IT IS SO ORDERED.

     DATED: October 25, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

<u>Aaron Nelson et. al., v. Hawaiian Airlines, Inc., et al.</u>; Civil
No. 23-00603 HG-WRP; **ORDER GRANTING DEFENDANTS HAWAIIAN AIRLINES,
INC. AND HAWAIIAN HOLDINGS, INC.'S MOTION TO DISMISS WITH LEAVE
TO AMEND (ECF No. 44)**