IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AARON NELSON; ABIGAEL ROANN B. RANADA; ADRIANNE VAKAUTA; ALICIA OKUMURA; ALISSA PACARRO TUUMALO; ALVIN REINAUER; AMANDA LOPEZ; ANDREW DIAGO; ANDREW WOLCOTT; ANGELA IRIS REICH; ARIELLE CASSADY; ASHLYNNE QUINSAAT; BARBARA JEAN VIDINHA RICHARDS; BRENT BARGAMENTO; BRIAHNI' MARIE ATISANOE; BRIDGET TULLY; BRIDGETT ZINCHUK; BRITTANY K. REGO-RODRIGUES; BROOKS FUJIHARA,JR.; BRYAN DAGUIO; CANDACE KRISTINE VIZCARRA (GUTIERREZ); CARLA ESTIAMBA; CAROL LAMSE; CHACY R. EVELAND III; CHAD MAKAIAU; CHARELLE BEDFORD; CHELSEA MIHM; CHELSEA TEHANE WILLIAMS; CHRISTINA OLIVE; CHRISTINE GOTO; CHRISTMASEDNA STARKS (TUIFAGU); CHRISTOPHER BARBOZA; CHRISTOPHER KAM; CINDY BURT; COLLEEN GOTO; DANIELLE OLVERA; DARIN K. MATSUNO; DAVID FISCHER; DAVID KURIHARA; DEBORAH STALCUP; DEREK ICHIYAMA; DIANE VENTIMIGLIA; DINA ANGELES; DOMINIQUE RANDAZZO; DORI YAMADA; DOROTHY TAPPY-HIGA; ELISA THURMAN-BEY; ELIZA KAHAWAII; ELIZABETH BACHRAN; ELIZABETH CHAPTON; ELIZABETH STOUDT; ERIK BARTON; FELISHALYN MILLER; GEOFFREY HANSON; GERALD W. SAN CLEMENTE; HEATHER LAFI; HEIDI CALA; HELEN Y. SALVANI; JACQUELINE ANN LOVIN-YAP; JAMES CABODOL, JR.; JAMES EVERTS; JANICE KIM; JASON AKINA; JEFFREY P. ARANYOS; JENA ZARRO; JODI YOKOYAMA; JODY GOYA; JOHN PREGIL, JR.; JON KATAHARA; JONATHAN OPIE; JOVAN LAFONTAINE; JOY GARY; KARLA L. DIAS WONG; KATHLEEN M. SWEET; | CIV. NO. 23-00603 HG-WRP |

1

KAWAHINEHAAHEO KEOLANUI;                    )
KEʻALAONALEHUA R. SOUZA;                    )
KEHAUNANI MITSUKO KELIINOI                  )
REIS; KEKAIKAHEʻELANI OLIVER;               )
KELLEE SMITH; KEOKI EDWIN K.                )
LIFTEE-KAU; KIANNA CHUN;                    )
KIMBERLY TUZON; KRISTA ALVAREZ;             )
LANI PRIMACIO; LEIHAAHEO DIAS;              )
LEILANI M. SOON; LILINOE                    )
KAHALEPAUOLE-BUSTAMANTE; LINDA              )
V. AU; LORI SEBASTIAN; LYLE                 )
PURUGGANAN; MAILE HERNANDEZ;                )
MAILE M. HUSSEY; MARC                       )
NISHIMURA; MARIANNE MATA; MEDA              )
J. WASHBURN TAKETA; MEGAN                   )
SKWIERCZYNSKI; MEGUMI KEAN;                 )
MEHANA SALVANI; MICHAEL                     )
ANDERSON; MICHAEL RYAN; MICHELE             )
TANABE; MICHELLE NOLTIE;                    )
MIKIALA AKAU; MISTY CARVER;                 )
MITCHELLE CARINO; MONICA D.                 )
SMITH; MORIAH GOSNEY; NALEISHA              )
LUCRISIA; NICOLE HENRY; NICOLE              )
WIEDEMANN; PATRICIA CASTRO;                 )
PENELOPE GEBAUER; PHILLIP                   )
ROTHER; PONO ROBACK; PULELEHUA              )
KNIGHT; RAELYNN BROAD-KELA;                 )
RANETTE BAUTISTA; RONIN BURKE;              )
SARAH PARKER; SATCHADANANDA                 )
SLADE; SCOTT FONG, JR.; SETEMA              )
SAGAPOLUTELE; SHANNON JACKSON;              )
SIONA TEJADA; STEPHEN                       )
DANGERFIELD; TATIANA JOHNSON;               )
TAUARII NAHALEA-MARAMA; TERRI               )
MEDEIROS; TERRY YAMADA GILLEN;              )
THECLA TAYLOR; THEODORA AUWAE;              )
TORI DAGUIO; TRACI MILLER-                  )
TRUONG; TRACIE RYAN; TRACY                  )
SNOOPS; TRAVIS SMITH; UTUMOE                )
PADILLA; WAINANI YOUNG; WINNIE              )
MENDIOLA; ZARINA KAMA,                      )
                    Plaintiffs,             )
                                            )
            vs.                             )
                                            )
HAWAIIAN AIRLINES, INC.;                    )
HAWAIIAN HOLDINGS, INC.,                    )
                                            )
                    Defendants.             )
                                            )

2

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 258)**

**and**

**AFFIRMING THE MAGISTRATE JUDGE'S JUNE 22, 2026 ORDER (ECF NO. 254)**

On June 22, 2026, the Magistrate Judge issued ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION WITHHELD ON THE BASIS OF THE COMMON INTEREST PRIVILEGE (ECF No. 254).

Defendants requested that Plaintiffs produce in discovery communications in a Telegram Group Chat that included the named Plaintiffs in this case. The Telegram Group Chat began in August 2021, more than two years prior to the date that this case was filed on December 15, 2023.

The Telegram Group Chat included numerous employees of Defendant Hawaiian Airlines, Inc. and had "hundreds of members who joined and left the group chat at various times" before and during the litigation of this case.

The Telegram Group Chat did not include any of the Plaintiffs' lawyers.

Plaintiffs objected to the production of the Telegram Group Chat on the basis of attorney-client privilege and citing the common interest doctrine.

The Magistrate Judge ruled that the Telegram Group Chat was required to be produced to Defendants with certain limitations. (Magistrate Judge's June 22, 2026 Order, ECF No. 254).

On July 7, 2026, Plaintiffs filed their Objections to the Magistrate Judge's Order.  (ECF No. 258).

On July 13, 2026, Defendants filed their Response.  (ECF No. 260).

On July 15, 2026, the Court issued a Minute Order ruling:

Plaintiffs' Objections to Magistrate Judge's Order Granting In Part Defendants' Motion to Compel Production of Documents and Information Withheld on the Basis of the Common Interest Privilege (ECF No. 258) are **OVERRULED.**

The Magistrate Judge's June 22, 2026 ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION WITHHELD ON THE BASIS OF THE COMMON INTEREST PRIVILEGE (ECF No. 254) is **AFFIRMED.**

(July 15, 2026 Minute Order, ECF No. 264).

This written order provides the basis for the Court's ruling.

**STANDARD OF REVIEW**

An appeal from a magistrate judge's ruling on a non-dispositive matter may be brought pursuant to District of Hawaii Local Rule 74.1.

A party may object to a magistrate judge's non-dispositive order within fourteen (14) days after being served.  District of Hawaii Local Rule 74.1(a).

A magistrate judge's order on a non-dispositive matter, or

4

any portion of the order, may be reversed or modified by the district court only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed.  Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993).

## ANALYSIS

### I.   Plaintiffs' Objections Are Untimely

On June 22, 2026, the Magistrate Judge issued ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION WITHHELD ON THE BASIS OF THE COMMON INTEREST PRIVILEGE (ECF No. 254).

**Fifteen** days later, on July 7, 2026, Plaintiffs filed their Objections.  (ECF No. 258).

In their Objections, Plaintiffs incorrectly state that they were filed on July 6, 2026.  (Objections at p. 7, ECF No. 258).

Objections to a Magistrate Judge's non-dispositive order must be filed "within **fourteen (14)** days after being served." District of Hawaii Local Rule 74.1(a) (emphasis added).

Plaintiffs' failure to file timely Objections is reason alone to reject them.  Berg v. Bed Bath & Beyond, Inc., 2017 WL 5906039, *3 (D. Haw. Nov. 30, 2017); see Agena v. Cleaver-Brooks, Inc., 428 F.Supp.3d 267, 272 n.1 (D. Haw. 2019); Fed. R. Civ. P.

5

72(a) ("A party may not assign as error a defect in the order not timely objected to"); <u>see also</u> 28 U.S.C. § 636(b)(1).

## II.  Plaintiffs' Objections Fail On The Merits

Plaintiffs' Objections concern the Magistrate Judge's June 22, 2026 Order regarding Defendants' discovery requests for the production of a Telegram Group Chat.

Plaintiffs argue that the entire Telegram Group Chat is privileged.

### A.   Attorney-Client Privilege

An eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

<u>United States v. Ruehle</u>, 583 F.3d 600, 607 (9th Cir. 2009).

The party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication.  <u>Id.</u> Not all communications between an attorney and client are privileged.  <u>Clarke v. Am. Com. Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992).  The privilege does not extend beyond the substance of the client's confidential communications to the

attorney.  <u>In re Fischel</u>, 557 F.2d 209, 211 (9th Cir. 1977).

The attorney-client privilege is strictly construed.
<u>Ruehle</u>, 583 F.3d at 608.

### B.    Common Interest Doctrine

The common interest doctrine is not an independent
privilege, but it is a "narrow exception to the general rule that
disclosing information to a third party constitutes a waiver of
the attorney-client privilege."  <u>Rodriguez v. Seabreeze Jetlev
LLC</u>, 620 F.Supp.3d 1009, 1019 (N.D. Cal. 2022) (quoting
<u>Integrated Glob. Concepts, Inc. v. j2 Glob., Inc.</u>, 2014 WL
232211, at *2 (N.D. Cal. Jan. 21, 2014)).

The common interest doctrine is an exception to the ordinary
waiver rules for attorney-client privilege to allow attorneys for
different clients pursuing a common legal strategy to communicate
with each other.  <u>Rodriguez</u>, 620 F.Supp.3d at 1019.

To successfully invoke the common interest doctrine, the
party must show:

> (1)  the communication is made by separate parties in the
> course of a matter of common interest;
>
> (2)  the communication is designed to further that effort;
> and
>
> (3)  the privilege has not been waived.

<u>Id.</u>

A shared desire to see the same outcome in a legal matter is
insufficient to bring a communication between two parties within

the common interest doctrine.  In re Pac. Pictures Corp., 679

F.3d 1121, 1129 (9th Cir. 2012).  Instead, the parties must make

the communication in pursuit of a joint strategy in accordance

with some form of agreement–whether written or unwritten.  Id.

### C.    The Telegram Group Chat

The Telegram Group Chat was created in August 2021.  The

Telegram Group Chat had "between 50 and 100 to hundreds of

participants throughout its life....Group members joined and left

the group chat at various times for various reasons."

(Magistrate Judge's June 22, 2026 Order at p. 15, ECF No. 254).

"[N]o attorney was ever a part of the Group Chat."  (Id. at p.

7).

The Magistrate Judge categorized the Telegram Group Chat

into three separate time periods:

1.    Between August 2021 and September 11, 2021: Before
      Counsel Was Retained

2.    Between September 11, 2021 and December 12, 2023:
      Interim Period Between When One Of The Chat Members
      Retained Counsel and The Order Denying Class
      Certification in O'Hailpin et al. v. Hawaiian Airlines,
      Inc., et al., 22-cv-00532 HG-WRP

3.    After December 12, 2023: After Class Certification Was
      Denied

Plaintiffs Object to the Magistrate Judge's Order as to each

of the three separate time periods.

8

1. **Between August 2021 and September 11, 2021**: Before Counsel Was Retained

The Magistrate Judge correctly ruled that the Telegram Group Chat communications made before counsel was retained are not privileged. The Group Chat, between its creation in August 2021 and September 11, 2021, is required to be disclosed and is not subject to attorney-client privilege. No attorney was part of the chat. There was no attorney-client relationship prior to September 11, 2021 that could apply to the Telegram Group Chat communications in order for the privilege to apply.

The attorney-client privilege must apply as a threshold matter. The common interest doctrine is not a stand-alone privilege but an exception to the ordinary waiver rules regarding attorney-client communications. The common interest doctrine applies "only if the communication at issue is privileged in the first instance." Callwave Commc'ns, LLC v. Wavemarket, Inc., 2015 WL 831539, at *4 (N.D. Cal. Feb. 23, 2015).

The Magistrate Judge's ruling is not clearly erroneous or contrary to law.

2. **Between September 11, 2021 and December 12, 2023**: Interim Period Between When One Of The Chat Members Retained Counsel and The Order Denying Class Certification in O'Hailpin et al. v. Hawaiian Airlines, Inc., et al., 22-cv-00532 HG-WRP

The Magistrate Judge ruled that Plaintiffs failed to carry their burden to prove the existence of an attorney-client

9

relationship for each member of the Telegram Group Chat between September 11, 2021 and December 12, 2023.

As the Magistrate Judge explained in the Order, "Throughout its life, the Group Chat had 'between 50 and 100 to hundreds of participants'....Group members joined and left the group chat at various times for various reasons."  (Magistrate Judge's June 22, 2026 Order at pp. 15-16, ECF No. 254).  In their submissions, Plaintiffs did not explain the reasons any group member left the group.  In their briefing, Plaintiffs did not establish that each group member retained counsel.  (Id.)

Plaintiffs ignore the requirement to establish the attorney-client privilege as a threshold matter.  Although given the opportunity, Plaintiffs have not established that the attorney-client privilege attaches to the communications at issue.  They have not established that such relationship existed for all of the members of the Telegram Group Chat prior to December 12, 2023.  Plaintiffs fail to present sufficient evidence that an agreement existed between all group members to coordinate legal action prior to December 12, 2023.  See In re Pac. Pictures Corp., 679 F.3d at 1129.

The Magistrate Judge's ruling is not clearly erroneous or contrary to law.

### 3. **After December 12, 2023: After Class Certification Was Denied**

The final time period for the Telegram Group Chat is after

December 12, 2023, when class certification was denied.  As of December 12, 2023, the Telegram Group Chat at issue was limited to only the represented Plaintiffs.

The Magistrate Judge ruled that because the Telegram Group Chat was limited to represented Plaintiffs after December 12, 2023 (when class certification was denied in O'Hailpin and the Nelson case was filed on December 15, 2023), the common interest doctrine may apply to certain communications.  The Magistrate Judge ruled that after December 12, 2023, Plaintiffs were jointly pursuing legal action against Defendants in the Nelson case, and determined that both the attorney-client privilege and the common interest doctrine may apply to some communications within this time period of the Telegram Group Chat.  (Magistrate Judge's June 22, 2026 Order at p. 19, ECF No. 254).

The Magistrate Judge explained that Plaintiffs still carried the burden to demonstrate that the attorney-client privilege and common interest doctrine applied to all of the communications. The Telegram Group Chat document provided for in camera review is 2,708 pages and contains thousands of communications between hundreds of users.  (Pl.'s Supp. Brief at p. 9, ECF No. 168). Plaintiffs were required to demonstrate that each of the communications in the Telegram Group Chat after December 12, 2023 was made in furtherance of legal representation and a joint legal strategy, citing Ruele, 583 F.3d at 607 and Rodriguez, 620 F.Supp.3d at 1018.  (Magistrate Judge's June 22, 2026 Order at p.

11

19, ECF No. 254).

There were 36 categories of communications identified by Plaintiffs in the Telegram Group Chat.  Categories 1 and 2 concerned legal advice or strategy.  The Magistrate Judge ruled that the communications in Categories 1 and 2 were covered by the attorney-client privilege and the common interest doctrine.  (Id. at pp. 19-20).

The Magistrate Judge ruled that Plaintiffs failed to meet their burden to establish that each individual communication in the 2,708-page document, covering Categories 3-36 after December 12, 2023, was made in furtherance of legal advice or common legal strategy.

Plaintiffs have provided no evidence in their Objections to establish any error in the Magistrate Judge's ruling.

The Magistrate Judge's ruling is not clearly erroneous or contrary to law.

### D.    Privilege Log

The Magistrate Judge also ordered that Plaintiffs must produce "a privilege log consistent with the instructions detailed in this Order."  (Magistrate Judge's June 22, 2026 Order at p. 27, ECF No. 254).

Plaintiffs' sole objection to the Magistrate Judge's privilege log ruling is that it is "erroneous and contrary to law because it compels the production of privileged common-interest

12

communications."  (Objections at p. 17, ECF No. 258).

As explained above, Plaintiffs failed to prove the existence of an attorney-client privilege and that the common interest doctrine applied to Telegram Group Chat communications other than those identified in Categories 1 and 2 after December 12, 2023.

The Magistrate Judge's ruling is not clearly erroneous or contrary to law.  Plaintiffs' Objections contain no evidence. Plaintiffs have failed to meet their burden to establish the communications are privileged.

Plaintiffs' Objections are **OVERRULED.**

The Magistrate Judge's June 22, 2026 Order is **AFFIRMED.**

//

//

//

//

//

//

//

//

//

//

//

//

//

**CONCLUSION**

Plaintiffs' Objections to Magistrate Judge's Order Granting In Part Defendants' Motion to Compel Production of Documents and Information Withheld on the Basis of the Common Interest Privilege (ECF No. 258) are **OVERRULED.**

The Magistrate Judge's June 22, 2026 ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION WITHHELD ON THE BASIS OF THE COMMON INTEREST PRIVILEGE (ECF No. 254) is **AFFIRMED.**

IT IS SO ORDERED.

DATED: July 17, 2026, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Aaron Nelson et. al., v. Hawaiian Airlines, Inc., et al.; Civil No. 23-00603 HG-WRP; **ORDER OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 258) and AFFIRMING THE MAGISTRATE JUDGE'S JUNE 22, 2026 ORDER (ECF NO. 254)**

14