William Harrison, HBN 2948
**HARRISON LAW CENTER**
1001 Bishop Street, Ste. 2828
Honolulu, HI 96813
Telephone: (808) 809-7065
william@harrisonlawcenter.com

John C. Sullivan*
Austin R. Nimocks*
Jace Yarbrough*
Cliff P. Riley*
**S|L LAW PLLC**
610 Uptown Blvd., Ste. 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com
austin.nimocks@the-sl-lawfirm.com
jace.yarbrough@slfirm.com
cliff.riley@slfirm.com

Walker Moller*
**SIRI | GLIMSTAD LLP**
700 S. Flower St., Ste. 1000
Los Angeles, CA 90017
Telephone: (213) 376-3739
wmoller@sirillp.com

Christopher Wiest*
**CHRIS WIEST, ATTY AT LAW, PLLC**
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
Telephone: (513) 257-1895
chris@cwiestlaw.com

Joseph A. Gomes, HBN 6789
**JOSEPH A. GOMES, AAL, LLC**
1170 Nuuanu Ave., Suite 105
Honolulu, HI 96837
Telephone: (808) 780-4179
joegomesesq@gmail.com

*Counsel for Plaintiffs*
*Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAI'I**

AARON NELSON, ABIGAEL ROANN B. RANADA, ADRIANNE VAKAUTA, ALICIA OKUMURA, ALISSA PACARRO TUUMALO, ALVIN REINAUER, AMANDA LOPEZ, ANDREW DIAGO, ANDREW WOLCOTT, ANGELA IRIS REICH, ARIELLE CASSADY, ASHLYNNE QUINSAAT, AYUMI Y. SIEVERTS, BARBARA JEAN VIDINHA RICHARDS, BRENT BARGAMENTO, BRIAHNI' MARIE ATISANOE, BRIDGET TULLY,

Civil No.: 1:23-cv-00603-HG-WRP

**PLAINTIFFS' RESPONSE TO DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.'S MOTION FOR SANCTIONS UNDER F.R.C.P. 37(b); Exhibits 1-11.**

Trial Date: September 29, 2026

Trial Judge: Honorable Helen Gillmor

BRIDGETT ZINCHUK, BRITTANY K. REGO-RODRIGUES, BROOKS FUJIHARA, JR., BRYAN DAGUIO, CANDACE KRISTINE VIZCARRA (GUTIERREZ), CARLA ESTIAMBA, CAROL LAMSE, CHACY R. EVELAND III, CHAD MAKAIAU, CHARELLE BEDFORD, CHELSEA MIHM, CHELSEA TEHANE WILLIAMS, CHRISTINA OLIVE, CHRISTINE GOTO, CHRISTMASEDNA STARKS (TUIFAGU), CHRISTOPHER BARBOZA, CHRISTOPHER KAM, CINDY BURT, COLLEEN GOTO, DANIELLE OLVERA, DARIN K. MATSUNO,
DAVID FISCHER, DAVID KURIHARA, DEAN SATO, DEBORAH STALCUP, DEREK ICHIYAMA, DIANE VENTIMIGLIA, DINA ANGELES, DOMINIQUE RANDAZZO, DORI YAMADA, DOROTHY TAPPY-HIGA, ELISA THURMAN-BEY, ELIZA KAHAWAII, ELIZABETH BACHRAN, ELIZABETH CHAPTON, ELIZABETH STOUDT, ERIK BARTON, FELISHALYN MILLER, GEOFFREY HANSON, GERALD W. SAN CLEMENTE, HEATHER LAFI, HEIDI CALA, HELEN Y. SALVANI, JACQUELINE ANN LOVIN-YAP, JAMES CABODOL, JR., JAMES EVERTS, JANICE KIM, JASON AKINA, JEFFREY P. ARANYOS, JENA ZARRO, JODI YOKOYAMA, JODY GOYA, JOHN PREGIL, JR.,

JON KATAHARA, JONATHAN OPIE, JOSEPH CASSADY, JOSIAH BURBAGE, JOVAN LAFONTAINE, JOY GARY, KARLA L. DIAS WONG, KATHLEEN M. SWEET, KAWAHINEHA'AHEO KEOLANUI, KE’ALAONALEHUA R. SOUZA, KEHAUNANI MITSUKO KELIINOI REIS, KEKAIKAHE'ELANI OLIVER, KELLEE SMITH, KEOKI EDWIN K. LIFTEE-KAU, KIANNA CHUNG, KIMBERLY TUZON, KRISTA ALVAREZ, LANI PRIMACIO, LEIHAAHEO DIAS, LEILANI M. SOON, LILINOE KAHALEPAUOLE-BUSTAMANTE, LINDA V. AU, LORI SEBASTIAN, LYLE PURUGGANAN, MAILE HERNANDEZ, MAILE M. HUSSEY, MARC NISHIMURA, MARIANNE MATA, MEDA J. WASHBURN TAKETA, MEGAN SKWIERCZYNSKI, MEGUMI KEAN, MEHANA SALVANI, MERRIBETH IONA, MICHAEL ANDERSON, MICHAEL RYAN, MICHELE TANABE, MICHELLE NOLTIE, MIKIALA AKAU, MISTY CARVER, MITCHELLE CARINO, MONICA D. SMITH, MORIAH GOSNEY, NALEISHA LUCRISIA, NICOLE HENRY, NICOLE WIEDEMANN, PATRICIA CASTRO, PENELOPE GEBAUER, PHILLIP ROTHER, PONO ROBACK, PULELEHUA KNIGHT, RAELYNN BROAD-KELA, RANETTE BAUTISTA, RONIN BURKE, SARAH PARKER, SATCHADANANDA SLADE,

SCOTT FONG, JR., SEAN RODRIGUES, SETEMA SAGAPOLUTELE, SHANNON JACKSON, SIONA TEJADA, STEPHEN DANGERFIELD, TATIANA JOHNSON, TAUARII NAHALEA-MARAMA, TERRI MEDEIROS, TERRY YAMADA GILLEN, THECLA TAYLOR, THEODORA AUWAE, TORI DAGUIO, TRACI MILLER-TRUONG, TRACIE RYAN, TRACY BEAN, TRACY SNOOPS, TRAVIS SMITH, UTUMOE PADILLA, WAINANI YOUNG, WINNIE MENDIOLA, ZARINA KAMA

*Plaintiffs,*

v.

HAWAIIAN AIRLINES, INC., and HAWAIIAN HOLDINGS, INC.

*Defendants*.

# TABLE OF CONTENTS

Table of Authorities ........ ii
Introduction. ........ 1
Background ........ 2
Legal Standard ........ 7
Argument ........ 7
A. Defendants' Motion Violates Local Rule 37.1 And Is Premature ........ 7
B. Defendants' Disagreement With The Format Of The Privilege Log Does Not Amount To Sanctionable Conduct ........ 10
Conclusion ........ 15
Certificate of Service ........ 18
Certificate of Compliance ........ 18

# TABLE OF AUTHORITIES

## Cases

*Liew v. Breen*,
640 F.2d 1046 (9th Cir. 1981) .......... 10

*Sonderling v. Brown*,
2026 WL 2098706 (9th Cir. July 21, 2026) .......... 14

## Rules

Fed. R. Civ. P. 37 .......... 10, 15

Hawaii Local Rule 37.1 .......... 1, 7, 8, 9, 12

**PLAINTIFFS' RESPONSE TO DEFENDANTS HAWAIIAN AIRLINES, INC. AND HAWAIIAN HOLDINGS, INC.'S MOTION FOR SANCTIONS UNDER F.R.C.P. 37(b)**

## I. INTRODUCTION

Without a conference under Local Rule 37.1 and without ever clarifying precisely what their problems with Plaintiffs' updated privilege and redaction logs actually were, Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc. prematurely filed this motion for sanctions regarding those logs. Moreover, Defendants' complaints are based largely upon disagreements about what the privilege and redaction logs should contain and thus do not describe sanctionable conduct anyway.[1] Indeed, several of Defendants' complaints are not even rooted in the Court's order granting Defendant's motion to compel production of the Telegram group chat at issue. The parties have since had productive conversations about both the production and the logs that will alleviate the need for Court intervention altogether. But in the meantime, Defendants' violation of Hawaii Local Rule 37.1(a) has resulted in a significant waste of time and resources for both Plaintiffs and this Court.

The motion should be denied.

---

[1] Defendants' complaints about the logs relate to redactions or withholdings from the "interim" period of time. Based on a subsequent meet and confer regarding the logs, Plaintiffs are in the process of producing a third version of those documents and the logs may not even be necessary given the additional information Plaintiffs have obtained.

## II. BACKGROUND

On February 2, 2026, Defendants filed their motion to compel production of the plaintiffs' Telegram group chat, the HAL Freedom Flyers. Dkt. 135. The Plaintiffs objected to this motion as the group chat was created by parties who all shared a common legal interest: pursuing religious accommodations to Hawaiian Airlines' COVID-19 vaccine mandate and, later pursuing a class action against Hawaiian Airlines for failing to accommodate their religious beliefs. Dkt. 141. Once the class action was denied, the group chat was reduced to plaintiffs in this mass action. *Id.*

The Court then ordered Plaintiffs and Defendants to file supplemental briefs. Dkt. 153, 167, 168. Plaintiffs were also ordered to provide a chart using the Court's outline. Dkt. 168. Both parties were ordered to file second supplemental briefs. Dkt. 206, 219, 220. The Court held a hearing on May 11, 2026.

On June 22, 2026, Judge Porter granted, in part, Defendants' motion to compel production of the Telegram chat. Dkt. 254. In that order, the Court outlined three time periods within the group chat: "(1) before counsel was retained; (2) the interim period between retaining counsel and when the Group Chat was limited to Plaintiffs; and, (3) after class certification was denied and the Group Chat was limited to Plaintiffs." Dkt. 254 at 14. Within those time periods, the court issued specific instructions about what could and could not be redacted. *Id.* at 14, 21–22, 27.

Specifically, the Court noted that certain communications from Categories 1 and 2 may be redacted. *See* Dkt. 254 at 27.

Additionally, the Court ordered that Plaintiffs produce a privilege log Dkt. 254 at 25–27. The Court ordered that the privilege log contain the following eleven categories:

"(1) Date of the creation of the document;

(2) Author;

(3) Primary addresses(s) and the relationship of that person(s) to the client and/or author of the document;

(4) Secondary addressee(s) and the relationship of that person(s) to the client and/or author of the document;

(5) Type of document;

(6) Client (party asserting the privilege)

(7) Attorneys (with an indication of who the attorney represents);

(8) Subject matter of the document or privileged communication;

(9) Purpose of the document or privileged communication (basis for the legal claim of privilege, work product or objection to production);

(1) Whether the document, communication, or objection is attorney-client privilege, work product, or some other basis;

(11) Document identifier (e.g., Bates number)."

Plaintiffs subsequently appealed this decision, and Judge Gillmor denied the Plaintiffs' appeal. Dkt. 267. In the meantime, Plaintiffs worked diligently to produce the Telegram chat and a privilege log—all of which has taken a substantial amount of time given the size of the Group Chat (which even Hawaiian has acknowledged).[2]

Plaintiffs' first production on July 24 was from the same PDF the Plaintiffs produced to the Court as Plaintiffs were working to ensure a complete version of the Telegram chat. Ex. 1. On July 27 and 28, Defendants expressed that they believed Plaintiffs' Telegram chat production and privilege log were incomplete and demanded a different format (and privilege log). Ex. 2. Counsel held a meet and confer regarding the production format on July 29, 2026. During that meet and confer, Defendants threatened to file sanctions if Plaintiffs did not comply with their demands. Ex. 3 (noting, on July 30, that "if Plaintiffs do not provide the Telegram chat (with metadata) and the completed privilege log that both comply with the Court's orders in the above-noted timeframe, Hawaiian *will file* a motion for

[2] Part of the difficulty in the production is Hawaiian's insistence on the chat being produced in a non-PDF format. This format is different from what Plaintiffs previously collected and produced *in camera* to the Court (and different from the format of every document produced by Hawaiian over the past five years). The additional time and cost demanded by Hawaiian for this production has been substantial since it is not a format maintained by Plaintiffs in the normal course of business. And until that new production was completed in conjunction with the vendor, the privilege log could not be completed in a manner desired by Hawaiian.

sanctions." (emphasis added)). Notably—and most relevant here—Defendants specifically stated that they were seeking a "completed privilege log" with the "11 categories of information" the court ordered. *Id.*

On August 3 and 4, Plaintiffs proceeded to produce the Telegram chat and privilege and redaction logs a second time, but in different formats. Ex. 4, 5, 6.[3] Plaintiffs did so believing that these formats provided the information sought and complied with the Court's order to include the 11 categories of information. Ex. 5, 6. But Defendants still were unhappy with the format of the Telegram chat.

On August 6, Defendants emailed Plaintiffs asking for another meet and confer regarding *the Group Chat production*. Ex. 8. Plaintiffs responded requesting that Defendants explain their issues with the production so Plaintiffs could more efficiently address their issues. *Id.* *There was no mention of a meet and confer regarding the updated privilege and redaction logs*. *Id.*

Suddenly, on August 7, instead of asking for another meet and confer to work through any issues with the logs—which would have been appropriate given the substantial differences in the newly-produced privilege log—Defendants emailed

---

[3] The Court should be advised that there was a typo at the bottom of the 8.4.26 Privilege Log. At the end is a section labeled "Missing Documents." In the description of the missing documents, it was obviously supposed to say, "There was **no** intent to hide or remove the chat messages," rather than "There was intent to hide or remove the chat messages." An updated, separate "missing documents" log has been provided as Exhibit 7.

Plaintiffs' counsel stating that they were filing a motion for sanctions about alleged deficiencies in the privilege and redaction logs. Ex. 8. Though counsel stated in the email "As we told John in our last meet and confer, we will be filing a motion for sanctions with regard to the multiple deficiencies in your privilege and redaction logs," those documents had not been the focus of the previous meet and confer. But to the extent the logs were even discussed at the prior meet and confer, Plaintiffs had just sent updated logs only three days before the August 7 email.

Defendants then filed their motion a few hours later without requesting—let alone having—a meet and confer (even though they were in possession of updated logs). Dkt. 268; Ex. 8. Defendants' counsel did not address what new or recurring issues they had with the privilege log, despite it including the 11 categories ordered by the court, as discussed at the meet and confer on July 29 and as stated in John Rhee's email on July 30. Ex. 3, 8. Tellingly, even Mr. Rhee's declaration, attached to Hawaiian's motion for sanctions, does not state that counsel sought a meet and confer with Plaintiffs after this second, updated privilege log was provided. Dkt. 268-2.

On August 12, Plaintiffs worked with the vendor who obtained the group chat to determine if any of the additional information Defendants sought was obtainable. That day, the vendor informed the Plaintiffs that the Group Chat had been incorrectly uploaded into the Plaintiffs' production platform. Ex. 9. The vendor then assisted

the Plaintiffs in uploading the Telegram chat, which resulted in Plaintiffs identifying additional information previously unavailable in prior productions and privilege logs.

On August 18 and August 24, Plaintiffs sent Defendants productions from this third upload. Ex. 10 and 11. Plaintiffs are providing a rolling production until the entire Group Chat has been reviewed and produced. At this point in time, no privilege log is needed, but one may be required as the chat is reviewed yet again.

## III. LEGAL STANDARD

Local Rule 37.1 controls this motion. Its conference requirement is clear:

> The court will not entertain any motion pursuant to Fed. R. Civ. P. 26 through 37, including any request for expedited discovery assistance pursuant to LR37.1(c), unless counsel have previously conferred, either in person or by telephone, concerning all disputed issues (including the requirement that discovery be proportional to the needs of the case), in a good faith effort to limit the disputed issues and, if possible, eliminate the necessity for a motion or expedited discovery assistance. Electronic or letter communications are not a substitute for the conference.

## IV. ARGUMENT

### A. Defendants' Motion Violates Local Rule 37.1 And Is Premature.

Defendants violated Hawaii Local Rule 37.1 (LR37.1) when they filed their motion for sanctions under Federal Rule of Civil Procedure 37. Not only does LR37.1 require that "all disputed issues" be conferenced, it explains that the parties must undertake "a good faith effort to limit the disputed issues and, if possible,

eliminate the necessity for a motion." That did not happen here.

The last meet and confer Plaintiffs' and Defendants' counsel had prior to the filing of the instant motion was on July 29. During that meet and confer, Defendants discussed filing a motion for sanctions as related to the Telegram chat production. But, as seen in their own email, any sanctions motion was only threatened if Plaintiffs did not provide the Telegram chat and privilege log with the 11 categories of information in it. Ex. 3. And on August 3 and 4, Plaintiffs provided what Plaintiffs believed to be, at that time, a complete production, with metadata, and a privilege and redaction log that complied with the Court's orders, including the stated categories. Ex. 4, 5, 6.[4]

Defendants then did precisely what LR37.1 does not allow: they relied on electronic communications and implications instead of having a conference prior to filing their motion for sanctions on an issue the Plaintiffs thought they had already resolved. The motion for sanctions was filed on August 7. Defendants had 3 days to request a meet and confer regarding the *new* privilege and redaction logs, but they did not. Instead, only a few hours before filing their motion, Defendants notified Plaintiffs that they would be filing their motion. That violates the Rule.

[4] As noted previously, Plaintiffs subsequently discovered that the Telegram chat was uploaded incorrectly into Plaintiffs' document production system. Plaintiffs are actively working to provide the Telegram chat with all the metadata Defendants desire and updated privilege/redaction logs (if necessary).

Although Plaintiffs and Defendants previously discussed the privilege and redaction logs, LR37.1 requires a meet and confer "concerning all disputed issues" prior to filing a motion. Considering that the privilege and redaction logs provided on August 4 were substantively different than the ones provided previously, "all disputed issues" could not have discussed at the prior meet and confer on July 29. Thus before Defendants filed their motion for sanctions, Plaintiffs had no idea what issues remained regarding the logs, especially when the privilege log contained the categories of information required by the Court and outlined in Defendants' July 30 email threatening a future motion. Ex. 3.

The real issue underlying the motion for sanctions is that Plaintiffs did not agree to comply with Hawaiian's interpretation of this Court's order until after Judge Gillmor denied Plaintiffs' appeal of the Magistrate Judge's order. Defendants seemed to believe that they were entitled to control the formatting of Plaintiffs' production *while the production was still being contested* and are now unhappy over the very brief delay in obtaining documents. Plaintiffs should not be punished for seeking to vindicate their rights vis-à-vis the privilege (which is, of course, a bell that cannot be unrung). While Plaintiffs' actions in working toward a solution here—that Defendants now have—are not sanctionable, *see Part B infra*, the merits of Defendants' arguments are inconsequential. Defendants violated LR37.1 and the motion should be denied for that reason alone.

### B. Defendants' Disagreement With The Format Of The Privilege Log Does Not Amount To Sanctionable Conduct.

As to the substance of the motion, Defendants claim that Plaintiffs did not comply with the Court's order when it made the privilege and redaction logs. Yet a closer look at the privilege and redaction logs shows the opposite. Defendants' criticisms of the logs have nothing to do with the Court's order and are simply disagreement about how the Plaintiffs chose to provide the required information that was available to Plaintiffs at the time. That is not failure to comply with a Court order. *See* Fed. R. Civ. P. 37(b). And even if it were, the facts here explain the reason for the difference between the iterations of the privilege and redaction logs such that Plaintiffs' brief delay in serving the form of logs Hawaiian seeks (which are now non-existent for the majority of the production anyway) is substantially justified and would make any award to Hawaiian manifestly unjust, especially given the lack of prejudice here. *See Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981) (noting that "a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification.'").

**1.** Defendants first complain that "Plaintiffs failed to specify the person who authored the posts/messages." Dkt. 268-1 at 7, 11−14. That cannot be farther from the truth. As seen in the privilege and redaction logs, Plaintiffs included, to the best of their ability and based on the information available at that time, the author of the post that was redacted or the document that was withheld. In some instances, a

full name was not available (such as those labeled "deleted account" or "plaintiff"). Ex. 5, 6. Plaintiffs were obviously unable to provide information they do not have. Thus the logs were always going to be derivative to the Telegram chat itself and Defendants filed a premature motion based on not understanding that Plaintiffs did not have the information Defendants believed should be in the logs.

**2.** This dovetails with Defendants' next complaint that "messages were broadcast to 'Plaintiffs.'" Dkt. 268-1 at 7, 11–14. When a message is sent to a group chat, the message is received by everyone in the group chat at that time. When Plaintiffs produced the redaction and privilege logs, Plaintiffs did not have the metadata showing individual chat members. Therefore, Plaintiffs were unable to identify each individual by name. Plaintiffs chose to state that the messages were broadcast to "plaintiffs" during the interim period because it remains Plaintiffs' stance that all members of the group chat during this time were covered by attorney-client privilege as all members of the group chat had retained John Sullivan to represent them in pursuit of a class action.

But since that time, Plaintiffs have obtained more information (at significant expense) concerning the Telegram chat and have been in discussions with Defendants about updated logs that will be forthcoming (should they even be necessary—significant portions have now been produced without privilege or redaction designations). The subsequent communications in this case have

demonstrated precisely why this Court demands "good faith effort[s]" before asking the Court for sanctions in a motion that should have never been filed. LR37.1.

**3.** Defendants' third issue with the privilege and redaction logs is that "Plaintiffs failed to specify the category of document, as specified in the Court's" order. Dkt. 268-1 at 7. Plaintiffs disagree that the Court ordered the Plaintiffs to list either "category 1" or "category 2" in the privilege and redaction logs. That the Court ordered that categories 1 and 2 may be redacted does not mean the Court ordered that information to be maintained in the privilege and redaction logs. Indeed, none of the 11 categories of information required by the court is titled "category" or "categories." Dkt. 254 at 26. Such a disagreement on the interpretation of the order is, of course, no basis for sanctions either.

**4.** Defendants' fourth complaint is that Plaintiffs did not "specify which members of the group chat were represented by the attorney identified in the log." Dkt. 268-1 at 8. But Plaintiffs did identify the attorney in the attorney column. Ex. 5, 6. Plaintiffs stated that John Sullivan "represented all [putative] plaintiffs". *Id.* Plaintiffs also indicated that the primary addressee of each message was "other plaintiffs." *Id.* Plaintiffs, therefore, did specify which members of the group chat were represented by counsel—all of them (in keeping with Plaintiffs' assertion that all members of the group chat, at the time, were represented by John Sullivan to pursue a class action).

**5.** Defendants' final claim is that the broad page ranges are deficient. Dkt. 268-1 at 16. Due to the number of redactions and the time constraints in producing the group chat for the second time, Plaintiffs were unable to identify each redaction by the specific page before it was sent to Defendants. Plaintiffs intended to re-produce the redaction log with specific page numbers included but, since then, have been working to produce the Telegram chat in yet a third format to satisfy Defendants. Plaintiffs therefore have not spent time updating the August 4 redaction log as a new one will have to be created that is, again, derivative of the new production that Plaintiffs were forced to create. It would be a further waste of time and resources to update the privilege and redaction logs for a production that Defendants will not use—just one more example of how premature this motion was.

Additionally, due to the format of the August 3 and 4 log productions (on which Defendants never conferred), a specific page number would not have helped Defendants. Even if Defendants had searched a specific Bates number within the ranges provided, the specific Bates numbered page would not have appeared in their search. Only the first Bates numbered page would appear in a search. In fact, it likely would have been more frustrating for Defendants to have specific Bates numbers because their search would not have pulled that page. Defendants would have been asking us to provide them the Bates number page ranges that Plaintiffs provided. While Plaintiffs agree that "sift[ing] through" the pages is not ideal,

Plaintiffs made a good faith effort to provide the Bates numbers so counsel would know approximately where to look for the redactions and have since been actively working to remediate the situation.

* * *

As explained above, when Plaintiffs produced the Telegram chat and the redaction and privilege logs on August 3 and 4, Plaintiffs believed that the substantially different production contained the data Defendants sought. It was thus surprising to receive a motion for sanctions three days after the subsequent production that was attempting to rely on a stale meet and confer where the disputed issues could not have been addressed because they did not yet exist. After further discussions with both Defendants and the vendor, Plaintiffs discovered that the chat was incorrectly uploaded and found more information, including information Defendants were seeking. This information also allows Plaintiffs to provide additional details they previously were unable to provide in the redaction and privilege logs. Thus, any alleged defects or issues with the privilege and redaction logs will be completely remedied (if even necessary) in the near term and any deficiencies in the prior logs are justified by Plaintiffs' reliance on productions from its vendor and working from documents previously sufficient for discovery in this case over the past five years. *Compare Sonderling v. Brown*, 2026 WL 2098706, at *2 (9th Cir. July 21, 2026) (upholding sanctions where the party did not

"substantially justify their behavior" and the award was not unjust).

To be sure, the evidence is clear that Plaintiffs have been working toward an amicable solution on the discovery issues raised by Hawaiian (which are almost completely resolved). And because these efforts were actively taking place during the time in which Hawaiian filed its un-conferenced motion (accusing Plaintiffs of inaccurate logs just three days after those logs were updated with what Plaintiffs believed was compliant information), there is no basis for sanctions. *See* Fed. R. Civ. P. 37.[5]

## V. CONCLUSION

Defendants' motion for sanctions should be denied.

[5] Additionally, the penalties Defendants seek are not proportional to any supposed sanctionable conduct here. For instance, Hawaiian asks to be able to admit at trial documents related to attorney invoices and fees that are irrelevant to the claims at issue.

August 25, 2026

Respectfully submitted.

William Harrison
Hawaii Bar No. 2948
**HARRISON LAW CENTER**
1001 Bishop Street, Suite 2828
Honolulu, HI 96813
Telephone: (808) 809-7065
william@harrisonlawcenter.com

*/s/ John C. Sullivan*
John C. Sullivan*
Austin Nimocks*
Jace Yarbrough*
Cliff P. Riley*
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com
austin.nimocks@the-sl-lawfirm.com
jace.yarbrough@slfirm.com
cliff.riley@slfirm.com

Walker Moller*
**SIRI | GLIMSTAD LLP**
700 S. Flower St., Ste. 1000
Los Angeles, CA 90017
Telephone: (213) 376-3739
wmoller@sirillp.com

Christopher Wiest*
**CHRIS WIEST, ATTY AT LAW, PLLC**
50 E. Rivercenter Blvd., Ste. 1280
Covington, KY 41011
Telephone: (513) 257-1895
chris@cwiestlaw.com

Joseph A. Gomes, HBN 6789
**JOSEPH A. GOMES, AAL, LLC**
1170 Nuuanu Ave., Suite 105
Honolulu, HI 96837
Telephone: (808) 780-4179
joegomesesq@gmail.com

*Counsel for Plaintiffs*
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing upon Counsel of record by filing same via CM/ECF, this 25th day of August, 2026.

*/s/ John C. Sullivan*
John C. Sullivan

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 7.4(e) of the Local Rules of the U.S. District Court for the District of Hawai'i, the undersigned hereby certifies that *Plaintiffs' Response to Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc.'s Motion for Sanctions under F.R.C.P. 37(b)* contains 3,558 words (according to the Word Count function of Microsoft Word), excluding case caption and signature lines, and was written in Times New Roman 14-point font.

*/s/ John C. Sullivan*
John C. Sullivan